IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREAS ODYSSEOS,           :     No. 3:16cv2462
      Plaintiff                  :
                                 :     (Judge Munley)
    v.                            :
                                 :
RINE MOTORS, INC.,           :
      Defendant                  :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Andreas Odysseos (hereinafter "plaintiff") asserts that Defendant Rine Motors, Inc.'s (hereinafter "the defendant") decision to terminate his employment violated his rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* (hereinafter "ADA") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 634, *et. seq.* (hereinafter "ADEA").  Before the court for disposition is the defendant's motion to dismiss plaintiff's ADA claim.  (Doc. 12).  For the reasons that follow, the court will deny the defendant's motion.

**Background**

The instant discrimination action arose from plaintiff's employment with the defendant.  The defendant, an automobile dealership in Stroudsburg, Pennsylvania, employed plaintiff as a general sales manager

from December 14, 2011, until his termination on April 29, 2016.  (Doc. 9, Am. Compl. (hereinafter "Am. Compl.") ¶¶ 5, 26).

On December 4, 2015, plaintiff informed the defendant's owner, William Rinehart, that he needed a biopsy of his prostate to determine whether he had cancer.  (Id. ¶ 10).  Plaintiff's biopsy was negative.  (Id. ¶ 11).  His biopsy incision, however, became infected.  (Id. ¶ 12).  This required plaintiff to remain in the hospital from January 4, 2016, to January 12, 2016.  (Id.)

Plaintiff returned to work on January 16, 2016.  (Id. ¶ 13).  Between January 16, 2016, and the end of February 2016, plaintiff wore a heart monitor to assess his heart rate.  (Id. ¶ 14).  Plaintiff avers that after his return to work, Rinehart repeatedly asked him questions pertaining to or regarding his health.  (Id. ¶ 19).  Although plaintiff missed only eight (8) days of work and he assured Rinehart that he was in good health, plaintiff avers Rinehart interviewed potential employees to replace him.  (Id. ¶¶ 15, 17-18, 20).  On April 29, 2016, Rinehart terminated plaintiff's employment, informing him that his job had been promised to a new person.  (Id. ¶ 26).

On October 19, 2016, plaintiff filed a two-count complaint in the United States District Court for the District of New Jersey.  (Doc. 1).  On December 13, 2016, the matter was transferred to this court.  (Doc. 7).

Plaintiff filed an amended complaint on December 19, 2016, alleging disability and age discrimination claims under the ADA and the ADEA, respectively.  In the instant motion, the defendant seeks to dismiss only plaintiff's ADA discrimination claim.  The parties have briefed their respective positions and the matter is ripe for disposition.

**Jurisdiction**

As plaintiff brings suit pursuant to the ADA and the ADEA, we have federal question jurisdiction.  See 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of Review**

The defendant filed a motion to dismiss plaintiff's ADA claim under Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation

that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court need not accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

The defendant moves to dismiss plaintiff's ADA claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The ADA is designed to eliminate "discrimination against individuals with disabilities." 42 U.S.C. § 12101. To establish an ADA discrimination claim, a plaintiff must plead that: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise

qualified to perform the essential functions of the job; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.  Hohider v. United Parcel Serv., Inc., 574 F.3d 169, 186 (3d Cir. 2009) (citations omitted).

In the instant matter, the defendant contests only the first element, that the plaintiff is a disabled person within the meaning of the ADA.  Under the ADA, a person qualifies as disabled when he has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual," "a record of such an impairment," or is "regarded as having such an impairment."  42 U.S.C. §§ 12102(2)(A)-(C).  Here, plaintiff contends the defendant regarded him as disabled.

To be regarded as disabled within the meaning of 42 U.S.C. § 12102(2)(C), an individual must establish that he or she was "subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).  The ADA "curtails an individual's ability to state a 'regarded as' claim if the impairment is 'transitory and minor,' which means it has an 'actual or expected duration of six months or less.'" Budhun v. Reading Hosp. and Med. Ctr., 765 F.3d 245, 259 (3d Cir. 2014) (quoting 42 U.S.C.

§ 12102(3)(B)).  The relevant inquiry in such a matter is "whether the impairment that the employer perceived is an impairment that is objectively transitory and minor."  Id.; 29 C.F.R. § 1630.15(f).[1]

In the instant matter, the defendant argues that plaintiff's heart impairment is objectively transitory and minor.  First, with respect to the "transitory" prong, the defendant contends that plaintiff wore a heart monitor between January 16, 2016, and the end of February 2016.  Thus, the defendant argues that plaintiff's impairment lasted, at most, three months.  Because "transitory" is defined by statute as "lasting or expected to last six months or less," 29 C.F.R. § 1630.15(f), the defendant concludes that plaintiff's impairment is objectively transitory.  Second, with respect to the "minor" prong, the defendant argues that plaintiff advised the defendant's owner, Rinehart, that he had completely recovered from his hospitalization, that he never missed work for health reasons, and that he only missed eight (8) days of work due to his post-biopsy infection.  Thus,

---

[1] The "transitory and minor" argument is a defense to an ADA claim.  29 C.F.R. § 1630.15(f).  While a party may not ordinarily raise affirmative defenses in a motion to dismiss, it may do so if the defense is apparent on the face of the complaint.  Budhun, 765 F.3d at 259 (citing Ball v. Famiglio, 726 F.3d 448, 459 n.16 (3d Cir. 2013)).  Here, plaintiff does not dispute whether the "transitory and minor" defense is apparent on the face of his complaint.

6

the defendant argues that plaintiff had only a minor impairment.  We disagree.

The federal regulation interpreting the "transitory and minor" impairment defense indicates that an employer that terminates an employee with an objectively "transitory and minor" impairment, mistakenly believing it to be symptomatic of a potentially disabling impairment, has nevertheless regarded the employee as disabled.  29 C.F.R. § 1630, App.  Stated differently, an employer that takes a prohibited employment action against an employee based on a perceived impairment that is not "transitory and minor" has regarded the employee as disabled.  Id.[2]  Here, plaintiff has alleged facts sufficient to demonstrate that the defendant

---

[2]  The appendix to the Code of Federal Regulations provides a clear illustration of how the "transitory and minor" defense is intended to operate:

> For example, an employer who terminates an employee whom it believes has bipolar disorder cannot take advantage of this exception by asserting that it believed the employee's impairment was transitory and minor, since bipolar disorder is not objectively transitory and minor.  At the same time, an employer that terminated an employee with an objectively "transitory and minor" hand wound, mistakenly believing it to be symptomatic of HIV infection, will nevertheless have "regarded" the employee as an individual with a disability, since the covered entity took a prohibited employment action based on a perceived impairment (HIV infection) that is not "transitory and minor."

29 C.F.R. § 1630, App.

regarded plaintiff as having a disabling heart impairment.  Specifically, plaintiff avers that his biopsy incision became infected and required plaintiff to remain in the hospital from January 4, 2016, to January 12, 2016.  (Am. Compl. ¶ 12).  Plaintiff returned to work on January 16, 2016.  (Id. at ¶ 13).  Between January 16, 2016, and the end of February 2016, plaintiff wore a heart monitor to assess his heart rate.  (Id. ¶ 14).  The defendant's owner, Rinehart, repeatedly asked about plaintiff's health.  (Id. ¶ 17).  In particular, Rinehart asked questions such as, "How is your infection?"; "How is your heart?"; "Will the infection come back?"; "Are you still wearing the heart monitor?" and "Do you still have a fast heartbeat?"  (Id. ¶ 19).  Plaintiff continually assured Rinehart that his health was "as good as ever."  (Id. ¶ 20).  Despite plaintiff's assurances, Rinehart interviewed candidates for plaintiff's position, and, until at least April 21, 2016, continually asked plaintiff his plans for retirement.  (Id. ¶¶ 21-24).

Taking plaintiff's well-pled allegations as true, the defendant's owner, Rinehart, may have believed plaintiff's diagnostic heart monitoring to be symptomatic of an impairment disabling enough to terminate plaintiff's employment.  Indeed, Rinehart consistently asked plaintiff about his heart, his health, and his plans for retirement from the day plaintiff returned to work after his hospitalization, January 16, 2016, up to approximately one

8

week before he terminated plaintiff's employment, April 21, 2016.  At this juncture, prior to the development of a full factual record, plaintiff has sufficiently pled that the defendant "regarded" him as disabled.  Therefore, the court will deny the defendant's motion to dismiss.

**Conclusion**

Based upon the above reasoning, the court will deny the defendant's motion to dismiss plaintiff's ADA claim.  An appropriate order follows.

**Date: March 8, 2017**               **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**